STARK & STARK
A Professional Corporation
993 Lenox Drive, Bldg. 2
Lawrenceville, NJ 08648-2389
(609) 896-9060
Attorneys for Defendant, Construction Specialties, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

|  |  |
|---|---|
| ACTUATE CORPORATION, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONSTRUCTION SPECIALTIES, INC., and DOES 1 through 10,<br><br>Defendants. | CASE NO. 3:10-cv-04444-CW<br><br>**STIPULATED PROTECTIVE ORDER** |

Upon Agreement of the parties, through their respective counsel, that a Stipulation and Protective Order is desirable, and with the approval of the Court,

IT IS HEREBY AGREED AND ORDERED:

1.      **Scope.** This Protective Order shall govern any information produced or disclosed by any party to this action or any third party.

2.      **Confidential Material.** Any party to this action and any third party (each, a "Producing Party") may designate as CONFIDENTIAL all or part of the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; (c) documents produced by it or made available for inspection by it; and (d) any other materials or information produced or disclosed during the course of this litigation. Materials designated as CONFIDENTIAL are hereinafter referred to collectively as "Proprietary Information." A Producing Party may

designate material as CONFIDENTIAL after it makes a good faith determination that such material or information includes or constitutes a non-public trade secret or other sensitive business information, disclosure of which would likely cause another to gain a business advantage and restriction of which is necessary for the protection of legitimate business interests, including proprietary or confidential research, marketing analyses, business plans, product development plans or sales and financial information. Specifically excluded from Confidential Material is any information provided to, or communications with, any public entity, information or marketing materials disseminated to the public, information provided to, or communications with, any third party without protection of a confidentiality agreement or other measures to ensure the confidentiality of the information or communication, information provided to, or communications with, any competitor or other seller or retailer of supplement products, and all information already disclosed to the receiving party (the "Receiving Party") or in the Receiving Party's possession prior to such disclosure by the Producing Party.

3.      **Designation of Documentary Material.** Documentary material may be designated as CONFIDENTIAL by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of the classifying party unless the identity of the classifying party is indicated as part of the production number contained on the document (e.g., "Plaintiffs' document P00001").

In the event a Producing Party produces documents for inspection to a Receiving Party approximately as they are kept in the ordinary course of business but with identification numbers on them, no marking pursuant to this paragraph need be made by the Producing Party in advance of the initial inspection by the Receiving Party. For purposes of the initial inspection, all such documents shall be considered "CONFIDENTIAL" and so treated under the terms of this

Protective Order. Thereafter, upon selection of specified documents for copying by the Receiving Party the Producing Party shall mark the copies of such documents as may contain protected subject matter in accordance with the provisions of this paragraph at the time the copies are produced to the Receiving Party.

      4.      **Designation of Depositions.** If a question arising at a pretrial deposition calls for an answer containing Proprietary Information, or if the question contains Proprietary Information, counsel for a party with an interest in protecting such Proprietary Information shall designate verbally on the record at the deposition itself that the information provided in such answer or question is considered "CONFIDENTIAL" as appropriate, and mark, or cause to be marked, such specific portions of the transcript of such deposition as "CONFIDENTIAL", which specific portions shall thereafter be subject to the provisions of this Protective Order. Counsel shall have 14 days after receipt of any deposition transcript to designate other information provided in an answer or question as "CONFIDENTIAL". To designate additional portions of a deposition transcript, counsel shall provide all other parties to this lawsuit with appropriately marked copies of any pages to be designated. If information is not designated as "CONFIDENTIAL" at the deposition, other counsel need not treat the information as confidential unless and until a subsequent designation pursuant to this section is made.  The right to make any such designation with respect to any information shall be waived if not exercised within the time limits set forth in this paragraph. Unless otherwise ordered by the Court, the Producing Party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the Producing Party's Proprietary Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony which has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or

the portion of the transcript containing testimony designated as CONFIDENTIAL with the appropriate legend.

5. **Belated Designation.** Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 3 and 4, nothing contained herein shall preclude a Producing Party from later changing that designation and notifying the Receiving Party in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by a Receiving Party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such subsequent notice. A Receiving Party receiving such subsequent written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure.

6. **Access to Confidential Materials.** Materials designated CONFIDENTIAL shall not be disclosed to any person except:

(a)     the Court and its officers;

(b)     outside counsel for a party (i.e., counsel for a party who is not an employee of the party or its affiliates) and employees of such outside counsel;

(c)     one in-house attorney for each side and the secretarial and paralegal staff of such in-house attorney, provided that the in-house attorney and his staff, if any, execute the acknowledgment attached hereto as Exhibit A;

(d)      outside experts who are not regularly employed by a party and who have been expressly retained to assist a party's counsel in the prosecution or defense of the litigation, and the secretarial, technical and clerical staff of such experts, provided that such experts execute the Acknowledgment attached hereto as Exhibit A;

(e)      any director, officer, principal/partner or employee of a party who is assisting counsel or a party to this litigation to whom it is necessary to disclose Proprietary Information for the purpose of assisting in, or consulting with respect to, the preparation and trial of this lawsuit, provided that such persons execute the Acknowledgment attached hereto as Exhibit A.

(f)      any person who was an author or recipient of the Proprietary Information at the time such information was generated.

(g)      any director, officer, principal/partner or employee of a designating party who is deposed in this litigation;

(h)      court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

(i)      independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;

(j)      other persons as ordered by the Court or agreed to in writing or on the record by the parties.

8.      **Filing Confidential Material.** All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed in sealed envelopes marked

"Confidential Materials Under Protective Order entered _____ [date]." The Clerk of the Court shall not permit access to the contents of the envelope to anyone other than counsel for any of the parties without prior written order of this Court.

9.      **Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession or control of another party's Proprietary Information thereof shall: (a) destroy or, if requested by the Producing Party, return to such party all Proprietary Information and any copies thereof; or (b) destroy such Proprietary Information and all copies to the extent it contains or is contained in any notes, summaries, digests, synopses or other document added by counsel or any other person after production; except that each outside counsel shall be permitted to maintain one archival copy of such Proprietary Information, provided that the terms of the Protective Order continue to apply to such materials. Each party shall give written notice of such destruction to all counsel. Counsel shall also provide the opposing party with the originals of all Acknowledgment forms executed by experts pursuant to paragraph 6.

10.      **Limitation on Designations.** Nothing shall be regarded as "CONFIDENTIAL" information if it is information that either:

(a)      is in the public domain at the time of disclosure, as evidenced by a written document;

(b)      becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document;

(c)      the information was in the Receiving Party's rightful and lawful possession at the time of disclosure; or

(d)     the Receiving Party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

The appearance of Confidential material on one or more pages of a Document shall not render the entire Document Confidential, and the "CONFIDENTIAL" legend shall appear only on those specific pages thereof containing Confidential material.

11.     **Contested Designations.** A party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "CONFIDENTIAL", the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by serving a Notice of Objection to Confidentiality Designation in writing to the party who has designated the document or information as "CONFIDENTIAL".  The Notice of Objection to Confidentiality Designation shall identify the disputed document or information at issue and state that it challenges the designation. The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the Notice of Objection to Confidentiality Designation. Failure to do within that period shall constitute a termination of the restricted status of such item.

The designation of a document or information as "CONFIDENTIAL" shall not create any presumption with regard to the actual confidentiality of any document or information, nor shall it affect the burden of proof necessary for obtaining a protective order as to confidentiality from the Court. Any dispute between the parties as to the actual confidentiality of

any particular document or category of documents or information shall be resolved pursuant to this paragraph.

12.     **Trial Procedures.** A party may request that the Court implement appropriate procedures to protect Proprietary Information which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

13.     **Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

14.     **Interim Effect.** This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court. For the purpose of proceeding with discovery without delay, pending the Court's approval of this Order, any Proprietary Information produced under the terms of this Order shall be protected by the parties pursuant to these terms.

Entered this 28th day of March, 2011.

**BUT SEE LOCAL RULE 79-5.** So Ordered:

STARK & STARK                            LEE TRAN & LIANG APLC
A Professional Corporation


By:_____    By:_____

       CRAIG S. HILLIARD                          JAMES M. LEE
       Attorneys for Defendant                   Attorneys for Plaintiff


Dated:                                          Dated: