IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTUATE CORPORATION, a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>CONSTRUCTION SPECIALTIES, INC.; and DOES 1 through 10,<br><br>        Defendants.<br>_____/ | No. C 10-4444 CW<br><br>ORDER GRANTING DEFENDANT CONSTRUCTION SPECIALTIES, INC.'s MOTION TO SEAL (Docket No. 32) |

　　　Pursuant to stipulation, this action was dismissed by order entered September 12, 2012.  The Court notes, however, that an administrative motion to seal of Defendant Construction Specialties, Inc., remains pending.  Docket No. 32.  Defendant moves to file under seal Exhibits G, K and L to the Declaration of Craig S. Hilliard in support of its motion for partial summary judgment.  As the basis for the motion, Defendant contends that Plaintiff Actuate Corporation previously designated these items "Confidential" under the Protective Order entered on March 28, 2011.  Plaintiff's counsel James M. Lee has filed a declaration in support of sealing the exhibits pursuant to this Court's Local Rule 79-5(d).  Docket No. 44.

　　　The Ninth Circuit has held that where a party seeks to file under seal documents as part of a dispositive motion, the moving party must demonstrate compelling reasons to seal the documents.  Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  In general, when "'court files might have become a vehicle for improper purposes,' such as the use of records to

gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" sufficient to outweigh the public's interest in disclosure.  Id. at 1179 (citation omitted).  "The party requesting the sealing order must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  Id. at 1178-79 (internal citations and alterations omitted).  "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret."  Id. at 1179 (internal citations and alterations omitted).

   Having reviewed the relevant exhibits and the Lee declaration, it is evident that they contain confidential business information and Plaintiff's privacy interest in such information outweighs the public's interest in disclosure.  Accordingly, the motion to file Exhibits G, K and L under seal is granted and Defendant shall electronically file said exhibits under seal pursuant to General Order 62 within seven days of the date of this order.

   IT IS SO ORDERED.

Dated: 9/24/2012

CLAUDIA WILKEN
United States District Judge

2